## Lockhart, et al. v. Atwood, et al.

### (Decided March 16, 1923.)

### Appeal from Livingston Circuit Court.

Mines and Minerals—Answer Alleging Lessor's Consent to Assignment and Release of Lessees Held to State Defense to Action for Rent, in Lieu of Operation.—In an action for rent, to be paid in lieu of operation, due under the terms of a lease, an answer by the original lessees, alleging they had assigned their interests in the lease after paying all rentals due thereunder to the date of the assignment, and that the lessor, for a valuable consideration, had acquiesced in the assignment, and had agreed to release the lessees from all liability under the lease, and to look to the assignee alone for the performance of its terms, states a good defense.

J. R. WELL for appellants.

FERGUSON & MONTGOMERY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Reversing.

Appellees Atwood and wife entered into a written lease contract with appellants, Lockhart and Matlock, whereby the Atwoods let to Lockhart and Matlock their farm for the purpose of mining and taking certain named minerals therefrom for a period of twenty (20) years from September 12, 1919. In the contract it was provided: "Parties of the second part is to pay to parties of the first part one dollar per day, twenty days from date, for each day that mines are not operated, and to be paid every fifteen (15) days, on failure to pay same this contract is to be null and void. . . . If the said parties of the second part fail to keep and perform the convenants and agreements by them to be kept and performed, then this lease shall be null and void, and surrendered to said party of the first part and all obliga-

tions of both parties be cancelled and discharged. In case the said parties of the second part fails to prospect or work said property within twenty days, then the parties of the second part shall pay an annual rental thereafter of one dollar per day when not in operation.''

This action was commenced by Atwood and wife against Lockhart and Matlock and one E. G. Stribling, to recover of them the sum of $309.00 as past due rent under the clauses above providing for the payment of one dollar per day for all time the mines were not operating. Appellants answered and denied in an imperfect way their undertaking to pay one dollar per day for all days on which the mines were not operated, and undertook to plead, but did so in an imperfect way, that appellants Lockhart and Matlock had shortly after the execution of the lease assigned and transferred the same to appellant Stribling, and were themselves released. A general demurrer was sustained to this answer with leave to amend. Appellants by amended answer pleaded that they had sold and transferred their right in the lease to Stribling with the knowledge and consent of the Atwoods, and that the said transfer was made with the acquiescence of the said Atwoods and after the payment to the said Atwoods of a valuable consideration for the release of appellants Lockhart and Matlock; that appellants had paid to the Atwoods all the rentals due up to said time, and that the said Atwoods agreed to and did in fact release appellants Lockhart and Matlock, and allowed Stribling to assume the lease and agreed to look to him alone for the performance of the terms of the lease contract. The answer as amended was held bad by the court on general demurrer. If, as the answer shows, appellee Atwood for a valuable consideration released appellants Lockhart and Matlock and accepted appellee Stribling as tenant, he had no valid cause of action against the former two. To sustain a demurrer to the answer containing such averments was error. The amended answer stated a good defense and the general demurrer should have been overruled and the parties allowed to plead to an issue.

For this error the motion for appeal is sustained and the judgment is reversed for further proceedings not inconsistent herewith.

Judgment reversed.