## Atwood, et al. v. Lockhart, et al.

(Decided March 24, 1925.)

Appeal from Livingston Circuit Court.

1.  Mines and Minerals—Whether Lessees Released from Liability Under Lease Held for Jury.—In lessor's suit for liquidated damages for lessees' failure to operate mine and oil lease, whether lessees had been released from liability under lease for a valuable consideration, and thereon had turned mines over to another who thereafter operated them and paid royalties to lessor, held for jury.

2.  Mines and Minerals—Lessees' Answer in Suit for Liquidated Damages for Failure to Operate Mine and Oil Lease Held Sufficient.— In lessor's suit for damages for lessees' failure to operate mine and oil lease, lessees' answer that with lessor's consent lease had been assigned to another who assumed lessees' obligation thereunder, and that lessor had released them from liability under lease for a valuable consideration held sufficient.

CHAS. FERGUSON and J. M. MONTGOMERY for appellants.

J. R. WELLS and T. C. BENNETT for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

On a former appeal of this case the sufficiency of the answer alone was considered.  198 Ky. 324.  On a return of the case to the lower court a jury trial was had, resulting in a verdict for the defendants, now appellees, Lockhart, et al., and Atwood appeals.

This suit was instituted by the Atwoods, owners of a tract of land leased for mineral and oil to Lockhart and Matlock, to recover a dollar a day for each day the lease was not operated under a provision of the contract reading:

"Parties of the second part are to pay parties of the first part one dollar per day, twenty days from date, for each day that mines are not operated, and to be paid every fifteen days."

The lease was made on September 12, 1919, and this suit was commenced on August 21, 1921. The mine had been operated but little. Royalties had been paid upon such mineral as had been removed. When the mines were being operated the "dollar per day" clause was not effective. However, the mines had been idle most of the time and liquidated damages under the clause of the contract above quoted had accumulated. At the time of the commencement of the action the lessors claimed $309.00 under the dollar per day clause. On the return of the case to the lower court an amended petition was filed increasing this amount to something more than $900.00. Appellees, as defendants, answered and denied liability and pleaded that they, with the consent of the lessors, had assigned the lease contract to one Stribling and that he had assumed the obligation of the lessees under the contract; that they had paid to appellants a valuable consideration for release from the contract; that appellants did release and discharge them from further obligation under the contract in consideration of a certain payment made at the time. They also pleaded that appellants had turned the mines over to Stribling, who operated the same and paid royalties thereon to appellants, and that appellants had long before ceased to look to appellees for royalties or liquidated damages under the contract. The case went to trial upon these issues.

Appellees testified and introduced evidence to prove that they had been released from the contract by appellant Atwood and had paid him a valuable consideration for such release; that thereupon appellants turned the mines over to Stribling and Stribling thereafter operated the mines and paid royalties to appellants. Appellant Atwood testified he did not release appellees from obligation to pay the royalties or the dollar per day, under

the clause of the contract above quoted, but that he continued to rely upon them to pay the royalties although Stribling was allowed to operate the mines. There was a sharp conflict in the evidence. This was a matter properly for the jury. The court submitted the questions by proper instructions to the jury and it found and returned a verdict in favor of Lockhart and Matlock.

Appellants were not entitled to a directed verdict in their favor. The answer was sufficient, though imperfect, as was held in the former opinion. The evidence is sufficient to sustain the verdict and judgment, and appellants' plea for reversal of the judgment must be denied.

Judgment affirmed.